DURHAM, J. pro tempore,
dissenting.
I join fully the dissenting opinion of Justice De Muniz in this proceeding. I write separately to draw attention to an issue concerning Article I, section 10, of the Oregon Constitution that likely will come before this court in the future.
The key facts are that the jury in this case found that plaintiff and defendant Boyle were each 50 percent at fault for the personal injuries that plaintiff suffered. The trial court accepted the jury’s finding that plaintiff had suffered economic damages in the sum of $765,000 and noneconomic damages in the sum of $250,000. The court reduced those sums by 50 percent to account for plaintiff’s comparative negligence and entered a judgment against defendants for $382,500 in economic damages and $125,000 in noneconomic damages, for a total judgment for plaintiff in the sum of $507,500. Finally, the trial court rejected defendants’ motion to reduce further plaintiff’s total damages to $200,000, in accordance with ORS 31.270(l)(b) (2007). According to the trial court, that further reduction would deprive plaintiff of her constitutionally guaranteed “remedy by due course of law for injury done [her] in [her] person,” as provided in Article I, section 10.
The majority today rejects that ruling. It concludes that Article I, section 10, does not prevent the legislature from imposing a “cap” of $200,000 on the jury’s decision that plaintiff suffered damages (adjusted for her comparative negligence) in the sum of $507,000. According to the majority, Article I, section 10, entitles plaintiff not to the damages that actually would restore and, thus, remedy her personal injury, but only to whatever lesser sum that the legislature may designate if the court can say that that sum is a *408 “substantial” remedy. Howell v. Boyle, 353 Or at 359 (majority concludes that state constitution requires any limited remedy to be “substantial,” and the capped judgment that plaintiff received “satisfies that constitutional requirement”).
The majority opinion demonstrates just how far the majority has strayed from the remedy guarantee that Article I, section 10, embodies. The text of that provision guarantees a “remedy by due course of law;” the adjective “substantial” does not appear in any form in the constitution.
As Justice De Muniz capably demonstrates in his dissent, the adjective “substantial” is unworkable as a legal standard because it is ambiguous and amorphous in the extreme. It is telling that the majority does not attempt to define or explain the meaning or limits of that term in this context; that would be a fool’s errand. Like the meaning of “beauty,” the meaning of “substantial” in this context exists only in the eye of the beholder.
How did the court’s interpretive focus shift from the constitutional text (particularly the term “remedy”) to the adjective “substantial”? The answer appears in Hale v. Port of Portland, 308 Or 508, 783 P2d 506 (1989). That case reviewed (somewhat inaccurately, as Justice Linde correctly noted in his concurring opinion) earlier cases that discussed the legislature’s authority to alter statutory and common law claims and remedies as long as the constitutionally significant underlying interests in person, property, and reputation are protected. The Hale court then stated:
“Under those cases, the remedy need not be precisely of the same type or extent; it is enough that the remedy is a substantial one.”
Id. at 523.
It is that sentence that has pulled the majority away from the constitutional text of Article I, section 10. That sentence does not purport to construe any constitutional term. But the majority now uses the adjective “substantial” to conclude that the guarantee of a remedy for the injury to plaintiff’s person is satisfied by a cropped sum of money that, in legal terms, does not restore or repair (and thus does *409 not remedy) the injury inflicted by defendant to plaintiff’s body and pocketbook. Instead of focusing on the real issue— whether plaintiff has received her guaranteed remedy by due course of law — the majority addresses whether the capped judgment awards a “substantial” amount. I submit that there will never be a satisfactory answer to that issue because it asks the wrong question. Apparently, the majority has now condemned this court to repeat, over and over, that same fruitless quarrel over how to apply a standard based on a mere adjective used in one unexplained sentence in Hale.
I conclude by inviting this court to reassess its approach to the remedy guarantee by returning to the words of the constitution itself and the interests of the people described therein. Those who drafted the remedy guarantee did not wish to tie the legislature’s hands in abolishing older forms of action and remedy so long as the people’s interests in person, property, and reputation remain protected through remedies provided by due course of law, including the constitutional right to trial by jury. They did not conceive, I submit, of a remedial scheme that would allow the legislature to cut personal injury damages by more than half, as here, with no hint of an adequate or alternative remedy to make up for that cut. That approach grants an unjustified windfall to the wrongdoer here and defeats the principle of responsibility for injury caused to others that Article I, section 10, embodies. Only in the topsy-turvy world occupied by the majority does a capped award of $200,000 constitute a remedy for the $507,000 injury that plaintiff suffered as a result of defendants’ tortious conduct here.
Counsel who wish to invite the court to engage in that reassessment of Article I, section 10, should preserve that argument at the appropriate stage and advance the arguments, suggested in this court’s case law, that justify a reconsideration of today’s unfortunate decision.
I respectfully dissent.